[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, ADMA, Inc. ("ADMA"), a District of Columbia corporation, is the United States agent for Polis Air ("Polis"), a licensed Russian air carrier. In a one-count complaint, dated February 17, 1994, plaintiff seeks damages from the defendant, Americares Foundation, Inc. ("Americares"), a nonprofit Connecticut corporation, for breach of a charter agreement to load and transport supplies and medicine from Italy to Sarajevo. Defendant filed the following special defenses: (1) release; (2) accord and satisfaction; (3) the cause of action is barred due to plaintiff's material breach of contract; (4) there is a cancellation clause in the agreement limiting damages to $5,000.00; and (5) since damages are limited to $5,000.00, this court "lacks subject matter jurisdiction" over the action.
On May 16, 1994, defendant filed a motion for summary judgment (#106) on the ground that the parties entered into an accord and satisfaction which bars plaintiff's action. In support of the motion, defendant submitted the affidavit of Andrew Hannah, vice president of Americares; the charter contract agreement allegedly breached; and the alleged accord and satisfaction. The plaintiff submitted the affidavit of Marvin Mendelsohn, assistant to the president of ADMA/Polis. The defendant also filed Hannah's reply affidavit; a copy of a letter from a United Nations ("UN") official to Hannah, dated October 11, 1993, terminating the defendant's participation in the humanitarian effort; and a sheet showing the calculations involved in the alleged accord and satisfaction.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994), quoting Practice Book § 384. The court must view the evidence in the light most favorable to the nonmoving party, and the defendant "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citations omitted; internal quotation marks omitted.) Id. The test is whether the moving party would be entitled to a directed verdict. Id., 105-106.
In the present case, the affidavits of the officers of plaintiff and of defendant are diametrically opposed. Hannah claims that plaintiff breached the contract by: providing the wrong CT Page 10050 types of planes, rendering unloading the cargo within the UN regulation time impossible, failing to stay within the corridor permissible for flying; and providing planes with out operable radio equipment. Hannah claims that the parties therefore mutually agreed that the contract should be terminated and entered into an accord and satisfaction. In response, Mendelsohn claims that plaintiff was not in breach. Mendelsohn also claims that the alleged accord and satisfaction is invalid, having been procured by duress. Hannah, in his reply affidavit, disputes Mendelsohn's assertions. There are material issues of fact with regard to the circumstances surrounding the alleged accord and satisfaction and the alleged duress, and summary judgment should not be granted when the parties' interpretations of the facts surrounding their agreement are completely different. Defendant has thus failed to meet its burden of proving that there are no issues of material fact and it is entitled to judgment as a matter of law.
Accordingly, defendant's motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of October, 1994.
WILLIAM BURKE LEWIS, JUDGE